## SELLERS *v.* STATE.

### Opinion delivered January 17, 1910.

1. EVIDENCE—PHOTOGRAPH.—When the accuracy of a photograph is established by the testimony of witnesses, showing that it faithfully represents the objects and situations portrayed, it is admissible, subject to impeachment by other evidence. (Page 315.)

2. APPEAL AND ERROR—PREJUDICE.—Judgments in criminal cases are reversed only for errors substantially calculated to prejudice the rights of litigants. (Page 316.)

3. WITNESSES—IMPEACHMENT AS TO COLLATERAL MATTER.—A party cannot examine a witness as to collateral and immaterial matters, and then impeach him by proof of contradictory statements. (Page 316.)

4. INSTRUCTIONS—REPETITION.—It was not error to refuse instructions fully covered by other instructions which were given. (Page 316.)

Appeal from Saline Circuit Court· *W. H. Evans,* Judge; affirmed.

*W. R. Donham* and *T. G. Malloy,* for appellant.

1. The verdict of the jury at the first trial was an acquittal of murder. 29 Ark. 31; 32 Ark. 221; art. 2, § 8, Const. Ark. It was therefore improper to arraign the defendant and again place him on trial for murder in the first degree.

2. The case should be reversed because of improper cross examination by the State's attorney of appellant's witnesses, couched in such form of questions as practically to accuse witnesses of falsifying, and indirectly to charge some of them with complicity in the crime, and other questions of a nature to bring the witnesses into disrepute before the jury. And the refusal of the court to instruct the jury not to consider prejudicial remarks made during the progress of such examination was prejudicial. 58 Ark. 473; 2 Enc. Pl. & Pr. 738; 150 U. S. 76; 72 Ark. 461.

3. The photographs were improperly admitted in evidence, especially to permit a witness to testify from them before proving their accuracy. 22 Am. & Eng. Enc. of L. 775, and cases cited.

*Hal L. Norwood,* Attorney General, for appellee.

·' 1. There was no prejudice in arraigning appellant ·for murder in the first degree. Instructions requested authorizing a conviction for murder were refused, and the crime of manslaughter only was submitted to the jury.

2. The mode of examining witnesses is in the sound discretion of the trial court, and this court will not disturb a verdict unless there has been an abuse of that discretion. 18 Ark. 540; 61 Ark. 52; 36 Ark. 316; 75 Ark. 548. The question asked witnesses and the remarks of counsel complained of constitute no ground of reversal here. The court instructed the jury not to allow what was said by counsel on either side to influence their verdict, and reminded them that they were sworn to try the case according to the law and the evidence. 58 Ark. 353; 65 Ark. 475; 74 Ark. 256; 75 Ark. 347; *Id.* 246; 67 Ark. 365; 76 Ark. 39; 71 Ark. 62.

3. Objections to the photographs introduced in evidence are without merit. On this trial they were fully identified and proved to be true. They were therefore properly admitted.

*Davis & Pace* and *Hal L. Norwood,* Attorney General, filed supplemental brief for appellee.

McCULLOCH, C. J. Appellant was indicted for the crime of murder, and convicted of voluntary manslaughter. On the former appeal the judgment was reversed (91 Ark. 175), and appellant was again put on trial and convicted of the same degree of homicide. He again appeals, assigning numerous errors.

We reversed the case before on account of an error committed by the trial court in admitting in evidence, without its accuracy being verified by the testimony of any witness, a photograph purporting to show the situation of the parties and the circumstances and conditions connected with the fatal encounter between appellant and the deceased. We held, however, that when the accuracy of a photograph is verified by the testimony of witnesses, showing that it faithfully represents the objects and situations portrayed, it is admissible, subject to impeachment by other evidence.

In the second trial, the accuracy of the photograph was duly established. Mrs. Lawhorn, mother of the deceased, who was an eye-witness to the tragedy, testified that when the photograph was taken the surroundings were unchanged, and that she placed the persons before the camera so as to correctly represent the situation and attitude of the parties to the fatal rencounter. The photographer was introduced as a witness, and he testified that the photograph accurately portrayed the scene as it was pointed out to him by Mrs. Lawhorn, except that he retouched the picture so as to make the powder marks on the fence show plainer. The testimony of another witness tended to impeach the accuracy of the photograph by stating that he saw only one bullet hole in the fence at the place where two are shown in the photograph. The testimony as to these alleged inaccuracies went to the jury for what it was worth, and did not render the photograph inadmissible. The court properly permitted the jury to view and consider it in connection with all the other testimony in the case.

Various acts and statements of special prosecuting counsel, made during the progress of the trial, are assigned as misconduct constituting prejudicial error. We have considered each assignment, and, while we do not approve the remarks made by counsel, we fail to discover anything calculated to prejudice the rights of appellant. The alleged misconduct consisted mainly of

little side remarks made by counsel, in the presence of the jury, to appellant and other witnesses and to his counsel which were entirely inappropriate; yet we reverse judgments only for errors substantially calculated to prejudice the rights of litigants, and not merely for misconduct which could have had no influence on the jury in arriving at a verdict.

Error is assigned in the refusal of the court to permit appellant to impeach the testimony of witness Esco Lawhorn, a brother of deceased, by proving contradictory statements of the witness. It is conceded that Esco Lawhorn was not a witness to the fatal rencounter between his brother and appellant, but the latter called him as a witness and asked him the following question as to a statement alleged to have been made on a former occasion: "Did you not pull this pistol out of your pocket on that occasion and say, 'This is the pistol that my brother shot at Jim Sellers with, and if I could get a pop at him there wouldn't be any trial in this case?'" He replied that he did not make the statement, and appellant introduced another witness to impeach him by proving that he did make it. As the witness was not present at the killing, he could not have known whether or not his brother had a pistol on that occasion, or shot at appellant. So the statement was immaterial. A party cannot examine a witness as to collateral, immaterial matters, and then impeach him by proof of contradictory statements. *Plunkett* v. *State*, 72 Ark. 409.

Appellant complains of the refusal of the court to give instructions which he requested on the question of reasonable doubt and presumption of innocence. These subjects were covered by other full and accurate instructions given by the court. The instructions on each phase of the case were correct, and the evidence sustained the verdict.

Judgment affirmed.