ROBINSON v. CITY OF MALVERN.

Opinion delivered May 10, 1915.

1. CRIMINAL LAW—VOID ORDINANCE—VALIDITY OF CONVICTION—RESISTING ARREST.—Appellant was indicted, tried and convicted of the crime of resisting an arrest, under a city ordinance which provided for a maximum fine of $50.00. Kirby's Digest provides a minimum fine of $50.00 for a conviction for said offense. *Held.* While the ordinance under which appellant was tried was not in conformity with Kirby's Digest, § 1960, as to penalty, and was void because it prescribed a less penalty than that prescribed by the State laws, nevertheless, appellant was not prejudiced because the fine adjudged against him was less than he would have had to pay, had he been tried and convicted under the State laws.

2. RESISTING ARREST—AFFIDAVIT—JURISDICTION OF MAYOR'S COURT.—An affidavit before the mayor of an incorporated town, setting forth a charge against appellant of resisting an officer, under Kirby's Digest, § 1960, is sufficient to give the mayor jurisdiction of the offense under Kirby's Digest, § 5586.

Appeal from Hot Spring Circuit Court, *W. H. Evans,* Judge, affirmed.

STATEMENT BY THE COURT.

The appellant was convicted of the crime of resisting an officer in violation of an ordinance of the city of Malvern prescribing, that if any person shall knowingly and wilfully obstruct or resist any sheriff or other ministerial officer in the service or execution of, or in the attempt to serve or execute, any writ, warrant or process, original or judicial, in discharge of any official duty, in case of felony, or in other case, civil or criminal," etc., "he shall be deemed guilty of a misdemeanor and on conviction fined in any sum not to exceed $50.00." The ordinance is an exact copy of section 1960 of Kirby's Digest, except that the maximum penalty under the or-

dinance was $50.00, whereas under section 1960 the minimum penalty is $50.00.

The testimony tended to show that Lee Goodman, who was a deputy marshal of the city of Malvern, was on duty at the park within the corporate limits of the city; that appellant and another negro were fighting and Goodman tried to arrest appellant. He put his hand on appellant's shoulder and told him to consider himself under arrest, saying, "You are arrested." Appellant turned around quickly and struck Goodman. Goodman and appellant clinched and then appellant was arrested by another officer.

At the time the appellant resisted the efforts of the deputy marshal to arrest him the deputy had his badge pinned on the inside of his coat but it could be seen. Appellant was personally acquainted with the deputy and knew that he was an officer. Appellant had seen the deputy make another arrest at the depot in 1913.

The above is substantially the testimony on behalf of the city (appellee here) on which the appellant was convicted.

The appellant testified that while he was engaged in a fight with one Coulter, the marshal ran up behind him and hit him without saying a word. "He didn't tell me," says the witness, "he was an officer, but came up and begun beating on me, and I turned and clinched, as I had to fight both of them to protect myself."

The appellant asked the court to instruct the jury as follows:

"You are further instructed that mere words spoken by Lee Goodman to the defendant to the effect to 'cut that out,' or 'come and go,' or any badge is not sufficient in law to inform the defendant of his arrest when the officer is unknown to him as an officer, and if you believe from the evidence in this case that Lee Goodman used such words and the defendant refused to go with him, then the court tells you that this would not be resisting an officer, and that you must find the defendant not guilty."

The appellant also asked the court to instruct the jury "that the city of Malvern has failed to make out a case, and you will find the defendant not guilty."

The court instructed the jury at appellant's request as follows:

"2.  Before you can find the defendant guilty of resisting an officer the city of Malvern must prove beyond a reasonable doubt that Lee Goodman was an officer and that the defendant knew it at the time and wilfully and knowingly refused to submit to the officer, and if they failed to prove these facts you should find the defendant not guilty."

"3.  Although you may believe from the evidence in this case that the defendant did assault Lee Goodman before he had time to arrest him, when they were both engaged in a fight mutually, and that defendant did not intend to resist him as an officer, this would be a different offense and not the offense of resisting an officer, and you should find the defendant not guilty."

The court also instructed the jury as to the credibility of witnesses and on the presumption of innocence and reasonable doubt, to which no exceptions were reserved.

The jury returned a verdict finding the defendant guilty and assessing his fine at $25.00 and judgment was entered for the fine and costs. The appellant moved in arrest of judgment, setting up that the city ordinance under which he was tried was void because in conflict with sections 1960 and 5464 of Kirby's Digest. The court overruled the motion in arrest of judgment and appellant duly excepted to the ruling of the court. Appellant also filed his motion for a new trial, which was overruled, and he duly prosecutes this appeal.

*R. S. Bowers,* for appellant.

1.  The evidence is not sufficient to support the verdict. The verdict is based on prejudice. Defendant had the right to resist an unlawful attack. 4 Elliott on Ev. § 2837; 49 Ark. 543; Hughes Cr. Law, § 1566; 56 Ark. 348;

Kirby's Dig. § 2124; 84 Ark. 485. Defendant did not know that Goodman was an officer.

2. The ordinance is void. Kirby's Dig. § § 1960, 5464; 87 Ark. 92; 37 *Id.* 356.

*W. Morton Carden* and *H. Berger,* for appellee.

1. The jury by their verdict has found the evidence sufficient to convict. This court will not disturb the verdict. 57 Ark. 577; 19 *Id.* 684; 13 *Id.* 285; 95 *Id.* 172; 104 *Id.* 162.

2. The court properly instructed the jury. 95 Ark. 172; 104 *Id.* 162; 92 *Id.* 586; 91 *Id.* 224.

3. The ordinance is not void. But the question cannot be raised by motion in arrest. Kirby's Dig. § 2326. The verdict was really too favorable to appellant and he cannot complain. 105 Ark. 598; 93 *Id.* 313.

4. The affidavit for arrest follows the language of the statute substantially. 45 Ark. 538; 86 *Id.* 436; 94 *Id.* 210; 112 *Id.* 98.

Wood, J. (after stating the facts). The appellant contends that the evidence was not sufficient to sustain the verdict, but this was an issue for the jury and there was evidence to warrant the verdict.

(1) The court did not err in overruling appellant's motion in arrest of judgment. While the ordinance under which appellant was tried was not in conformity with the statute (section 1960 Kirby's Digest) as to the penalty and was void because it prescribed a less penalty than that prescribed by the State laws (section 5464), nevertheless, appellant was not prejudiced because the fine adjudged against him was less than he would have had to pay had he been tried and convicted under the State law, section 1960 of Kirby's Digest.

(2) The affidavit before the mayor, setting forth the charge against appellant of resisting an officer in the language of the above statute (section 1960) was sufficient to give the mayor jurisdiction of the offense under section 5586 of Kirby's Digest.

The evidence, as we have seen, was sufficient to sustain the verdict of guilty of the offense of resisting an officer under section 1960, *supra,* and appellant, under this section, could have been fined in any sum not less than $50.00. He is therefore in no attitude to complain and is not prejudiced by the verdict and judgment. See *Sellers* v. *State.* 93 Ark. 313.

The court did not err in refusing appellant's prayer for instruction No. 4 as the same is abstract, there being no evidence upon which to base it, and, besides, it was argumentative in form. The other instructions correctly presented the issue of fact to the jury.

There being no error in the rulings of the court to the prejudice of appellant, the judgment is affirmed.