## PRATT V. STATE.

1. RAPE: *Charge of, includes assault to commit.*
   Under an indictment for rape, the accused may be convicted of an assault with intent to commit rape, the latter offence being included in the charge of the former.

2. SAME: *Trial for: Conviction of assault.*
   Where the jury on a trial for rape find the defendant guilty of assault with intent to rape, the judgment will not be reversed on the ground that the evidence showed that the defendant was guilty of rape or of nothing, since the jury had the power to return a verdict for the assault, although the

evidence required a conviction of the higher offence in which it was included.

3. SAME: *Charge made under threats: Instruction.*

On a trial for rape, the defendant requested the court to instruct the jury, that if the woman charged to have been assaulted made the complaint against him under the threats of her husband, they should acquit. *Held:* That it was not error to refuse the instruction, as such threats of the husband could only affect the credibility of his wife and not the question of the defendant's guilt or innocence.

ERROR to *Randolph* Circuit Court.

J. W. BUTLER, Judge.

The defendant was tried on an indictment for rape and the jury convicted him of an assault with intent to commit rape. He was refused a new trial and sentenced according to the finding of the jury.

Section 2288 Mansf. Dig. is as follows: Upon an indictment for an offence consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offence included in that charged in the indictment.

*The Appellant pro se.*

To sustain the charge of rape, or assault with intent to rape, force or drugs must be used. Here there was no force, drugs, threats or intimidation. 11 Ark., 389.

The court erred in refusing to charge the jury, that if the charge was made under duress or threats of the husband, they should acquit. Defendant should have been convicted of rape or acquitted.

*Dan. W. Jones*, Attorney General, for appellee.

The instructions given are based upon our statutes and supported by our decisions. *Dawson v. State*, 29 Ark., 116; *Coates v. State*, 50 Ark., 330.

Pratt v. State.

The instruction asked, as to duress by the husband, is not law. That was a question for the jury, affecting only her credibility.

COCKRILL, C. J.

An assault with intent to commit rape is included in the charge of rape, and a conviction may be had of the former offence under an indictment for the latter. Mansf. Dig., sec. 2288; *Davis v. State*, 45 Ark., 464; 1 Bish. Cr. Law, sec. 809.

**1. ASSAULT:** Included in charge of rape.

2. It is conceded that the testimony would sustain a verdict for rape. That being true, there can be no question of its sufficiency to sustain the verdict for assault with intent to commit the offence. If it be conceded that the testimony would logically demand a verdict of guilty of rape or nothing, it does not follow that a conviction of an attempt to rape should be avoided here. The jury had the power to return the verdict and the offence is less than the crime charged. The case is not distinguishable in that respect from Fagg's case, 50 Ark., 506; *Green v. State*, 38 Ark., 319; *Allen v. State*, 37 Ark., 435.

**2. RAPE:** Trial for: Conviction of assault.

3. The court refused to charge the jury as follows: "If the jury believe from the evidence that Nora Shaver, the woman upon whom the assault is charged to have been made, made the charge against the defendant as mentioned in the indictment under duress or threats of and from her husband, you will acquit." There was evidence tending to show that the husband threatened to abandon the woman unless she made complaint of her treatment to the magistrate. This could not have affected the question of defendant's guilt or innocence. The most that could be claimed was, that under the influence of the threat, the wife may have made a false charge of rape, and so affected her credibility. Affirm.

**3. SAME:** Charge made under threats: Instruction.