## BEVERS *v.* STATE.

### Opinion delivered January 9, 1904.

1. ASSAULT WITH INTENT TO RAPE—INDICTMENT.—Although the statute provides that "whoever shall feloniously, willfully and with malice aforethought assault any person with intent to commit a rape * * * shall on conviction thereof be imprisoned in the penitentiary not less than three nor more than twenty years," an indictment for assault with intent to commit rape which fails to allege that the assault was made "with malice aforethought" is good as a common-law indictment. (Page 130.)

2. SAME—PUNISHMENT.—An assault with intent to commit rape is punishable as a felony, whether the indictment follows the statutory or the common-law form. (Page 131.)

Error to Baxter Circuit Court.

JOHN W. MEEKS, Judge.

Affirmed.

#### STATEMENT BY THE COURT.

Lee Bevers was indicted by the grand jury of Baxter county for the crime of an assault with the intent to rape. The body of the indictment is as follows, towit: "The said Lee Bevers,

in the county and state aforesaid, on the 30th day of October, 1902, did unlawfully, forcibly and feloniously make an assault upon Rosa Belle Heiskell, with the unlawful and felonious intent to then and there forcibly, unlawfully and feloniously and against her will and consent to rape, ravish and carnally know the said Rosa Belle Heiskell, she, the said Rosa Belle Heiskell, being a woman, against the peace and dignity of the State of Arkansas." The defendant demurred to the indictment for want of certainty, and, further, because it did not state facts sufficient to constitute an offense. The court overruled the demurrer, to which ruling the defendant duly excepted. The defendant thereupon entered his plea of guilty, and was sentenced to three years' imprisonment in the state penitentiary. He afterwards procured a writ of error to review the judgment of the circuit court, and the case was brought before us in that way.

*Horton & South,* for plaintiff in error.

The indictment was insufficient to charge the statutory crime of assault with intent to commit rape. 38 Ark. 521 ; 47 Ark. 492 ; Sand. & H. Dig., § 1866. At common law an attempt to commit rape was only a misdemeanor. Bish. Cr. Law, § § 723, 1136.

*George W. Murphy, Attorney General,* for defendant in error.

The indictment would have been good had it charged rape. 34 Ark. 257 ; 8 Ark. 400. Assault with intent to commit rape is included in the charge of rape. 51 Ark. 157.

RIDDICK, J. (after stating the facts). The only question raised by this proceeding is the sufficiency of the indictment to support the judgment. The facts alleged in the indictment show that, if the defendant had succeeded in carrying into effect the intent with which he made the assault, he would have been guilty of the crime of rape. It is then clearly sufficient as a common-law indictment for the crime of an attempt to commit rape, for it alleges all the elements that go to make such a crime at common law. But our statute in reference to this crime provides that "whoever shall feloniously, willfully and with malice aforethought assault any person with intent to commit a rape * * * shall on conviction thereof be imprisoned in the penitentiary not less than

three nor more than twenty-one years." Sand. & H. Dig., § 1866. By reason of this statute counsel for appellant contend that the indictment should have alleged that the assault was made with "malice aforethought." In this respect the statute is peculiar, but we are of the opinion that the indictment is sufficient without such an allegation. It is well settled in this state that an indictment for rape includes also an assault with intent to commit rape. *Pratt* v. *State,* 51 Ark. 167; *Davis* v. *State,* 45 Ark. 467. "Every attempt to commit a felony against a person," said this court in an early case, "involves an assault. Prove an attempt to commit such felony, and prove it to have been done under such circumstances that, had the attempt succeeded, the defendant might have been convicted of the felony, and the party may be convicted of an assault with intent to commit such felony." *McBride* v. *State,* 7 Ark. 374. Now there is nothing in our statute that requires that indictments for the crime of rape shall allege that the assault or the act was committed with malice aforethought. Malice is not one of the elements that go to make the crime of rape, and it is unnecessary to allege or prove it to make out the crime, either under our statute or at common law. *Warner* v. *State,* 54 Ark. 660.

If it is not necessary to allege or prove malice in order to make out the completed crime of rape, we see no reason why it should be required to prove it in order to convict of the attempt to commit rape—an offense which is included in the greater offense, as one of its parts. Keeping in mind, then, that an allegation of malice is not required in an indictment for rape, it will be seen that the decision of this court holding that the crime of assault with intent to commit rape is included in every valid indictment for the crime of rape, and that under an indictment for rape the defendant may be convicted either of rape or of an assault with intent to rape, necessarily leads to the conclusion that an allegation of malice aforethought is not essential to a valid indictment for an assault with the intent to commit rape.

Counsel for defendant contends, further, that if this be true the crime must be treated as a misdemeanor only, for the reason that at the common law all indictable attempts, whether to commit felonies or misdemeanors, were only misdemeanors, but that would result in making a difference in the crime and the punishment therefor turn simply on the form of the indictment.

We are of the opinion that the indictment would be sufficient whether it followed the common law or the statutory form, but in either case the punishment is regulated .by the statute. Finding no error, the judgment is affirmed.