## PAXTON *v.* STATE.

### Opinion delivered May 12, 1913.

1. RAPE—ASSAULT WITH INTENT TO COMMIT RAPE.—An assault with intent to rape is included in the charge of rape, and a conviction may be had of the former offense under an indictment for the latter. (Page 319.)

2. RAPE—ASSAULT WITH INTENT TO RAPE.—Defendant may be found guilty of an assault with intent to rape, if he assaults his victim with the intent, forcibly and against her will, although after the assault, she yields and consents to the act. (Page 319.)

3. APPEAL AND ERROR—INSTRUCTIONS—HARMLESS ERROR.—Where the evidence shows the completed act of rape, it is not error to instruct the jury on the offense of assault with intent to rape. (Page 320.)

4. CRIMINAL LAW—PRESUMPTION OF INNOCENCE—INSTRUCTIONS.—In a prosecution for the crime of rape, the court charged the jury that "the defendant starts out in the trial with the presumption of innocence in his favor, and that presumption follows him throughout the trial, or until the evidence convinces you of his guilt, beyond a reasonable doubt." *Held*, nor error. (Page 320.)

5. WITNESS—IMPEACHMENT OF ACCUSED.—Where the accused takes the witness stand in his own behalf, the State may impeach his character for veracity, although his good character may not already have been put in issue, but evidence of his bad character may be introduced only to affect his credibility as a witness. (Page 321.)

6. EVIDENCE—FORMER TESTIMONY OF ABSENT WITNESS.—Where a former witness in a felony case, upon diligent search or inquiry, can not be found, what such witness previously testified upon the examining trial of defendant may be proved at the trial of the case in the circuit court, it appearing that defendant was present at the examining trial. (Page 321.)

7. EVIDENCE—ADMISSIBILITY—HARMLESS ERROR.—There was no prejudicial error committed in the admission of the testimony of the prosecuting witness, that defendant struck his wife, before his assault on witness, when other witnesses and defendant, himself, testified to the same thing without objection. (Page 322.)

Appeal from Pulaski Circuit Court, First Division; *Robert J. Lea,* Judge; affirmed.

*Carmichael, Brooks, Powers & Rector,* and *S. A. Jones,* for appellant.

1.   The crime made out was rape, or it was nothing. The verdict is a manifest compromise, not responsive either to the law or the facts.   It is patent that the jury did not find the prosecuting witness worthy of belief, that they did not find beyond a reasonable doubt that the element of force was present, or their verdict must have been "guilty of rape," because the other element, penetration, was admitted.

2.   The testimony as to appellant's beating and maltreating his wife was inadmissible.   A party charged with one crime can not be convicted upon evidence of the commission of another crime.   37 Ark. 261; 39 Ark. 278; 73 Ark. 262; 99 Ark. 615.

3.   There was no sufficient foundation laid for the introduction of the testimony of Enos Brown, given at the hearing before the justice of the peace, no sufficient showing that he had left the State.   63 Ark. 131; 58 Ark. 371.

4.   Appellant's general reputation had not been put in issue, and his objection to such testimony should have been sustained.   91 Ark. 558, 560; 28 Ark. 164; 39 Ark. 337.   The court, in its charge, nowhere instructed the jury that the reputation of the defendant should not be considered for any purpose except as affecting his credibility as a witness, and that they could convict him of rape, or of assault to commit rape, upon proof that he was guilty of some other offense.

5.   It is prejudicial error to submit to a jury an issue not raised by the evidence.   In this case, where the undisputed evidence shows that there was no *attempted* intercourse, but that the intercourse was *complete,* it was error to charge the jury that they might convict of assault with intent to commit rape. Kirby's Dig., § 2382; 30 Ark. 336; 91 Ark. 574; 74 Ark. 444; 50 Ark. 508; 85 Ark. 514; 77 Ark. 464; 95 Ark. 409; 29 S. E. (Ga.) 424; 64 S. E.

(Ga.) 653; 89 S. W. (Tex.) 271; 96 N. E. (Ill.) 1007; 143
S. W. (Ky.) 51; 87 Ga. 579; 141 Cal. 686; 100 Ia. 155; 118
S. W. (Tenn.) 1022; 33 Cyc. 1503-4; 2 Bishop, New Crim.
Pros., § 980.

That part of instruction 7, charging the jury: "If
he did not consummate that crime (rape), but attempted
to do it, he is guilty of assault with intent to rape," is
further erroneous in that there must be more than an
*attempt.*  99 Ark. 563; 77 Ark. 37.

*Wm. L. Moose,* Attorney General, and *John P.
Streepey,* Assistant, for appellee.

1.   There is ample evidence to sustain the verdict.

2.   The testimony of the prosecutrix as to appel-
lant's assaulting his wife, was, under the circumstances,
admissible, as tending to prove the intent existing in the
mind of appellant to have intercourse with prosecutrix.
91 Ark. 555, 559.

3.   Sufficient foundation was laid for admitting the
testimony of Enos Brown, taken before the justice of
the peace, it having been shown that diligent inquiry
had been made to locate his whereabouts.   99 Ark. 629,
631; 95 Ark. 172, 177.

4.   Testimony touching appellant's reputation for
truthfulness and morality was properly admitted, for the
purpose of impeaching his testimony.   46 Ark. 141, 151;
100 Ark. 199, 202; *Id.* 321, 324.

5.   It was not erroneous for the court to instruct
the jury as to the lower grade of the offense charged, as
well as the crime charged, and it was within the province
of the jury to find from the evidence that appellant was
guilty of the crime of assault to commit rape rather than
that of rape.   Kirby's Dig., § 2413; 51 Ark. 167, 169; 32
Am. St. Rep. 134, 136; 80 Ky. 526; 7 Conn. 54, 56; 41
Minn. 285-7; 1 Bishop, Crim. Law, § 733; *Id.,* § 766; 78
Am. Dec. 609; 91 Ark. 589; *Id.* 562.

Kirby, J.   The appellant was indicted for the crime
of rape, and from the judgment of conviction of an as-
sault with intent to rape, brings this appeal.

He admitted having sexual intercourse with the

prosecuting witness at the time and place she claimed to have been raped, and testified that it was with her consent and co-operation. It is conceded, however, that the testimony is amply sufficient to sustain a conviction of rape, if believed.

It is contended for reversal that the court erred in giving certain instructions, in the admission of incompetent testimony, and that the verdict of the jury is contrary to the law and the evidence, counsel for appellant saying:

"Without going into a detailed discussion of the evidence, it is submitted that there is no possible view of the evidence which will support a finding that appellant was guilty of an assault with intent to rape. * * * The crime was made out rape, or it was nothing."

An assault with intent to rape is included in the charge of rape, and a conviction may be had of the former offense under an indictment for the latter, and the appellant will not be heard to complain that because he was not convicted of the offense of rape, that he could not be guilty of an assault to commit the offense, which the testimony was amply sufficient to show he did commit. *Pratt* v. *State,* 51 Ark. 167; Kirby's Dig., § 2413; *Skaggs* v. *State,* 88 Ark. 72; *Green* v. *State,* 91 Ark. 563; *Sexton* v. *State,* 91 Ark. 589; *Hamer* v. *State,* 150 S. W. (Ark.) 142.

He also contends that, having admitted carnal knowledge of the woman, that the court erred in charging the jury relative to an assault with intent to commit rape. A man can be guilty of an assault with intent to rape, if he assaults a woman with the intention of having carnal knowledge of her, forcibly and against her will, even though after the assault is made she finally yields to his embraces and consents to the intercourse. Such subsequent yielding and consent does not mitigate nor justify the assault with the intent to commit the crime. *State* v. *Cross,* 12 Iowa 66; *State* v. *Atherton,* 32 Am. Rep. 134; *State* v. *Shepherd,* 7 Conn. 54; *State* v. *Bagan,* 41 Minn.

285; 1 Bishop Crim. Law, § § 733-736; *State* v. *Hardigan,* 78 Am. Dec. 609.

If the court was not required to submit to the jury the question of an assault with intent to rape in this case, the defendant can not complain of its action in doing so, since, otherwise, it was an instruction more favorable to him than he was entitled to have given.

Neither is the instruction open to the objection that it was incorrect, not specifying that the attempt to have carnal knowledge of the woman must have been forcibly and against her will, since an assault with intent to rape was correctly defined immediately above the expression used which followed the sentence: "If he had carnal knowledge of the woman, as charged in the indictment, forcibly and against her will, he is guilty of rape; if he did not consummate that crime, but attempted to do it, he is guilty of assault with intent to rape." The instructions were given as one, and the jury could not but have understood that before he could be found guilty of an assault with intent to rape, they must find that he attempted to have carnal knowledge of the woman forcibly and against her will. And, besides, if the instruction was erroneous, it was such an error as called for a specific objection, which was not made.

No error was committed in the court's instruction that "the defendant starts out in the trial with the presumption of innocence in his favor, and that presumption follows him throughout the trial, or until the evidence convinces you of his guilt, beyond a reasonable doubt," which meant no more than that, "the presumption prevails until overcome by evidence convincing the jury, beyond a reasonable doubt, of his guilt," as said in *Ross* v. *State,* 92 Ark. 483.

The next assignment is, that the court erred in permitting the introduction of testimony relating to the general reputaion of the defendant, it being claimed that he had not put his character or reputation in issue. He testified in the case, however, and took the witness stand like any other witness, and his character for veracity

could be impeached, though his good character may not have been previously put in issue. *McCoy* v. *State,* 46 Ark. 141; *Turner* v. *State,* 100 Ark. 199; *Skaggs* v. *State,* 88 Ark. 73; *Younger* v. *State,* 100 Ark. 321.

Of course, the testimony relating to the bad character or the general reputation of the accused for truth and morality could only be considered as affecting the question of his credibility as a witness, of which the jury was sufficiently advised by the court saying it was competent to prove such reputation, but "it does not necessarily follow from the fact that a witness has been impeached that he should not be believed. It is intended to shed light upon the credibility of the witness." Appellant asked no instruction upon this point and did not specifically object to the one given.

It is next contended that the court erred in permitting the testimony of Enos Brown, taken before the justice in the examining trial to be read on the trial in the circuit court. It is conceded that appellant was present when said Brown testified in the examining trial and had the right to cross examine him, and it was shown that diligent inquiry had been made as to the whereabouts of this witness, and that he could not be found; the deputy sheriff having the subpoena for service made inquiry from all sources likely to discover information as to his whereabouts and was unable to find him, and other witnesses also testified that he had been gone from his home about a month and that his wife said he was in Mississippi. This was a sufficient foundation for the introduction of the testimony.

"The settled law of this State is that where an adverse witness is dead, beyond the jurisdiction of the court, or, upon diligent inquiry, can not be found, what such witness testified on a former occasion, on the same issues and between the same parties, may be given in evidence, providing the accused was present, having the right to cross examine." *Poe* v. *State,* 95 Ark. 177, and cases cited.

Complaint is made of the introduction of the testi-

mony of the prosecuting witness, relating to the defendant's assaulting and beating his wife on the way home upon the night of the commission of the crime. It is true this statement of hers was introduced over the objection of the appellant, but other witnesses testified to the same effect without objection, and he, himself, admitted, upon cross examination, that he had sworn at and struck his wife and that she was either drunk or unable to continue the journey home and was put to bed in the house of a neighbor, some two and a half miles from home, and immediately before the offense was perpetrated just beyond the house where the wife remained.

It may be that this evidence reflected the intention of appellant to get rid of his wife, in order that he might have the better opportunity to commit the offense, but, in any event, it having been introduced by other witnesses and himself, without objection, if error was committed in its introduction, it can not be held prejudicial.

There are other assignments of error, but we do not regard it necessary to discuss them.

The instructions fairly presented the issues to the jury, which doubtless found appellant guilty of assault with intent to rape, rather than the crime of rape, because of the fact that the prosecuting witness was living at the time of the occurrence in adultery with another man.

Finding no prejudicial error in the record, the judgment is affirmed.