SHERMAN v. STATE.

Opinion delivered January 18, 1926.

1. RAPE—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a con-
   viction of assault with intent to rape.

2. CRIMINAL LAW—HARMLESS ERROR—WITHDRAWAL OF INSTRUCTION.—
   The giving of an erroneous instruction was not prejudicial where
   it was withdrawn during the progress of the court's charge and
   a correct instruction substituted.

3. WITNESSES—PRIVILEGE—CONFESSIONS TO PASTOR.—A letter from
   accused to the pastor of his church, offered as in the nature of
   a confession, was not privileged, in the absence of proof that
   it was made to such pastor in his professional character, in the
   course of discipline enjoined by the rules or practice of such
   church.

Appeal from Cross Circuit Court; *W. W. Bandy,*
Judge; affirmed.

*S. A. Gooch,* for appellant.

*H. W. Applegate,* Attorney General, and *John L.
Carter,* Assistant, for appellee.

McCULLOCH, C. J. Appellant was indicted for the
crime of rape, alleged to have been committed upon his

own daughter, and he was, by the verdict of the jury, convicted of assault with intent to rape.

The verdict of the jury is supported by the direct evidence of the injured girl, who testified that her father had been having sexual intercourse with her for several years, and that on a certain occasion, while they were working together in a field, he forced her to submit to sexual intercourse with him—used threats and actual force to compel her to submit. On her first examination in the trial of the case, the prosecuting attorney, after she had testified in substance that her father had drawn a knife on her and that she had tried to fight him away from her, asked the question, "Did he accomplish his purpose?" The answer of the witness was, "Yes, sir; partly." Afterwards, the witness was recalled and the prosecuting attorney examined her further as follows: "Q. Did he succeed in penetrating your body with his private parts? A. Yes, sir." The evidence was sufficient to sustain a verdict for the crime of rape.

The crime of assault with intent to rape was embraced in the indictment (*Paxton* v. *State,* 108 Ark. 316), and there was evidence to sustain a finding that the act of intercourse was not consummated. The girl testified in one place that the act was only partly accomplished, and in another place that there was complete penetration, and it was a question for the jury to determine which of the statements of the witness was true.

One of the assignments of error is the giving of an instruction submitting the question of assault with intent to rape. It is contended that there is no evidence to base that instruction upon, but, as before stated, we think there was evidence sufficient to warrant a submission of that crime to the jury. However, appellant cannot complain, for the jury found him guilty, and the reduction of the degree of the crime was for his own benefit. *Rogers* v. *State,* 136 Ark. 161.

There was proof adduced tending to establish the fact that there were voluntary acts of sexual inter-

course between appellant and his daughter prior to the commission of the offense charged in the indictment, and the court gave an instruction telling the jury that this evidence might be considered "to corroborate the testimony of the prosecuting witness," and "to consider what weight you will attach to the evidence of the prosecuting witness." Later, during the progress of the court's charge, the foregoing instruction was withdrawn, and the court told the jury that, "if you find from the proof in the case that the defendant, prior to the time that it is claimed that the crime of rape was committed, carnally knew the prosecuting witness, Lenora Sherman, that that is a circumstance that you may consider for what it is worth in reaching a conclusion as to whether or not the defendant is guilty of the crime of rape." We are of the opinion that there was no prejudicial error in the action of the court, for the first instruction was entirely withdrawn, and a correct one was substituted.

The State was permitted to introduce in evidence a letter written by appellant to a preacher named Lindsey, in which a request was made for prayer, and which contained certain statements which had some tendency towards an indirect confession of the charge brought against appellant of mistreating his daughter. The first objection made to the introduction of the letter was that it was not fully identified, but there was other testimony introduced sufficient to identify the letter as one written and sent by appellant. Afterwards, near the conclusion of the trial, appellant was recalled as a witness and stated, in response to questions by his attorney, that Lindsey was pastor of his church, that the letter was addressed to him as such pastor, and that it was the duty of the pastor "to look after his church, and when they got in trouble of any kind or grieved in any way, it was his place to advise them and pray for them," and that he sent the letter to his pastor to obtain the prayers of the pastor and "all of the saints." Appellant's attorney then moved to exclude the letter from consideration on the

ground that it was a privileged communication. The statute on this subject reads as follows:

"Section 4148. No minister of the Gospel or priest of any denomination shall be compelled to testify in relation to any confession made to him in his professional character, in the course of discipline enjoined by the rules or practice of such denomination." Crawford & Moses' Digest.

This statute and similar ones have been construed to exclude only confessions made to a minister which are enjoined by the rules or practices of the denomination. This is what the statute says in so many words, and we have held, in accordance with the general rule, that the statute does not apply unless the alleged confession is made "in the course of discipline enjoined by the rules of practice of such denomination." *Alford* v. *Johnson,* 103 Ark. 236. The mere fact that the confession is made to a minister of the Gospel or a priest, and made to him as such, and even made to him to obtain his help or assistance, is not sufficient to exclude the confession, but it must be pursuant to a duty enjoined by the rules of practice of that particular church. There is no evidence in this case that there is any discipline or rule or practice of the church to which appellant and his pastor belonged which enjoins upon its members the duty to make a confession of sins. The evidence does not disclose the particular denomination to which appellant and his pastor belonged. It merely shows that the preacher, Lindsey, was the pastor of appellant's church, and that it was the duty of the pastor to pray for penitents and get all the other "saints" to do so. The testimony does not bring the case within the operation of the statute, hence the court was not in error in admitting the letter in evidence.

We fail to find any error in the proceedings, hence an affirmance of the judgment must result on this appeal. It is so ordered.