BURROW v. STATE.

Opinion delivered June 11, 1928.

*Northcutt, Burrow & Richardson,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

McHANEY, J. Appellant was indicted, convicted and sentenced to one year in the penitentiary for the unlawful manufacture of intoxicating liquor. The indictment copied in the transcript was one charging him with manufacturing mash fit for distillation, but on certiorari the correct indictment has been certified to this court.

His first assignment of error for reversal of the judgment of conviction and sentence against him is that the evidence was insufficient to support the verdict and judgment. The rule of law governing this court on this assignment is that, if there is any substantial evidence tending to connect appellant with the commission of the offense charged against him, the verdict of the jury is binding here.

The credibility of the witnesses is a question solely for the jury, as well as the weight and sufficiency of the evidence to convict, if there is any substantial testimony tending to convict. There are so many decisions of this court to that effect that we deem it unnecessary to cite them.

The testimony of Mr. Keck and three other witnesses for the State was sufficient to submit to the jury the question of the guilt or innocence of appellant. He testified that he climbed a tree about 250 or 300 yards away from the house, and saw appellant and others carrying mash from the mash barrel into the house; that two of them would carry the mash while another stood guard, and that they would take it turn about standing guard. Appellant was recognized by Mr. Keck as one of those carrying the mash into the house.

Mr. Keck and the others with him went down to the house, where they arrested appellant and the others, and found a still located in the house, in full operation, with some finished liquor. Appellant refused the officers admission until they had shown him a search warrant, and told them not to pour the mash on the floor. This tended to show possession of the property in which the still was located, as well as the still itself. This was sufficient to take the case to the jury, and its verdict is binding upon this court.

Assignments 2 and 3, that if any offense was committed it was for possessing mash, and that the proof was not responsive to the indictment, pass out of the case, for the reason that the proper indictment has been brought into the record by certiorari, as heretofore stated.

There was no error in the refusal of the court to permit appellant to show that he had had a subpoena issued for two witnesses who were out of the State. No motion for continuance was filed on this account, or, if so, the overruling thereof was not assigned as error. Moreover, the record does not show that such testimony was offered or excluded, and the error, if one, could not be urged on appeal, it having been raised in the motion for new trial for the first time. *Brown* v. *State*, 169 Ark. 324, 274 S. W. 1.

Complaint is also made of the closing argument of the prosecuting attorney; that the women jurors were not properly instructed; and because the jury was not made up according to law. The argument of the prosecuting attorney is not contained in the bill of exceptions, and we cannot tell whether it was erroneous or not. As for the women jurors, the record does not reflect that the court was requested to advise them that their service on the jury was optional. The law provides that it is optional with them, and it is presumed that they knew the law; but perhaps, if appellant had requested the court to so advise the women jurors, it would have done so. Nor does the record reflect any irregularity in the

impaneling of the jury. No objection was made or exceptions saved to the manner of impaneling the jury, and, even though it had been irregularly impaneled, appellant is in no position to complain.

Complaint is also made of the refusal of the court to give instructions 1, 2 and 3 requested by him. We have examined these instructions refused as well as those given by the court, and find that the jury were correctly instructed. Numbers 1 and 2 were argumentative in form, and number 3 was on circumstantial evidence. The State did not rely upon circumstantial evidence wholly, and this court recently held, in the case of *Adams* v. *State,* 176 Ark. 916, 5 S. W. (2d) 946, that, even where the State depends wholly on circumstantial evidence, it is not error to refuse such an instruction, where the court properly instructed upon the weight of the evidence, the burden of proof, and reasonable doubt.

We find no error, and the judgment is affirmed.