BOYD *v.* STATE.

4368                                   182 S. W. 2d 937

Opinion delivered October 30, 1944.

*Bon McCourtney* and *T. J. Crowder,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

McHANEY, J. Appellant was charged by information with the crime of assault with intent to rape. Trial resulted in a verdict of conviction and he was sentenced to the penitentiary for three years.

1. For a reversal of the judgment, it is first insisted that the evidence is insufficient to support the verdict and judgment against him. In the recent case of *Priest* v. *State,* 204 Ark. 490, 163 S. W. 2d 159, we cited and quoted the statutes defining the crime of assault to rape, and fixing the punishment therefor, §§ 3403 and 3407 of Pope's Digest, and the cases of *Begley* v. *State,* 180 Ark. 267, 21 S. W. 2d 172, and *Boyett* v. *State,* 186 Ark. 815, 56 S. W. 2d 182. These and other cases hold that, to justify a conviction on such a charge the evidence must show not only that the defendant intended to have carnal knowledge of the female alleged to have been assaulted forcibly and against her will, but that he did some overt

act toward accomplishment of his purpose which amounted in law to an assault upon her.

We think the evidence amply sufficient to take the case to the jury and to justify the verdict. That he intended to have carnal knowledge of the young woman was admitted by him and that he intended to do so forcibly and against her will, if necessary, was shown by her testimony and her outcries for help which were heard and testified to by the two witnesses in the factory nearby and who called the police. Also the two police officers who made the arrest found him on top of her with her begging him to quit and she was crying. This was an overt act toward the accomplishment of his purpose, but in addition he tore some of her underclothing from her person and bruised her legs by pinching them to force her to uncross them. The evidence was, therefore, sufficient to meet the requirements of the rule.

2. It is next contended that the court erred in refusing to give his requested instruction No. 2 and modifying and giving as modified requested instruction No. 3. We think no error was committed in so doing. We do not set them out, for the reason we think that, in so far as No. 2 was correct it was covered by other instructions, and the modification of No. 3 was harmless. After telling the jury in No. 3 that the female must use all means in her power to prevent the assault and to repel it, it was modified by the court adding this proviso: "Unless she is put in fear of her life, or great bodily harm by the assailant." It is said there is no evidence to sustain the modification, but there is. She testified that he pulled her hair, choked, pinched and slapped her. She also testified as follows: "He pulled me up and threw me down again. I was crying and he said, 'God damn you, I will kill you if you don't let me do it.'" So, we think the modification was justified.

3. It is finally contended that the prosecuting attorney made prejudicial statements in his argument to the jury. We have carefully examined the remarks assigned as error and we do not agree with counsel for

appellant that they were erroneous or prejudicial. The remark of the prosecuting attorney to the effect that the prosecuting witness was a virgin perhaps was improper testimony by him to this effect, but it was not assigned as error in the motion for a new trial and cannot, therefore, be considered here.

Affirmed.