HODGES *v.* STATE.

4420                                         197 S. W. 2d 52

Opinion delivered November 11, 1946.

*Chas. Jacobson,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

ED. F. McFADDIN, Justice. Albert Hodges was convicted of rape (§ 3403, Pope's Digest), and sentenced to death. By this appeal he seeks either a reversal of the conviction, or a reduction of the sentence to life imprisonment. This being a capital case, § 4257, Pope's Digest, prescribes the extent of the review.

I. The Sufficiency of the Evidence. While the appellant denied the actual rape, he admitted being at the home of the prosecuting witness at about 2:00 a. m., and admitted that he placed his hands on her, but claimed that his motive was robbery and not rape. The prosecuting witness (a married woman, 23 years old, and the mother of three children) testified positively and unequivocally that the appellant had carnal knowledge of her, forcibly and against her will, and that he had actual penetration with resulting incidents. Another witness testified that the appellant told him that appellant had committed rape of the prosecuting witness. There was other evidence corroborating the testimony of the prosecuting witness, even though corroboration was not legally necessary.

We have repeatedly held that the testimony of the prosecuting witness does not have to be corroborated in carnal abuse cases. For cases so holding, see West's Arkansas Digest, "Rape," § 54. In *Waterman* v. *State*, 202 Ark. 934, 154 S. W. 2d 813 we said:

"For a reversal of this judgment, appellant first contends that the evidence is insufficient to sustain the verdict and judgment—that 'there is no testimony whatever to sustain the conviction of this man, except the testimony of this little girl herself.' And this quoted statement is true. She testified very positively that appellant did have sexual intercourse with her, stating the approximate time, the place and the circumstances of its occurrence. He, just as positively, denied the truth of her statements. This made a question of fact for the jury. She is not an accomplice within the meaning of § 4017 of Pope's Digest, and corroboration was not necessary. *Bond* v. *State*, 63 Ark. 504, 39 S. W. 554, 58 A. S. R. 129. . . . There was substantial evidence

to support the verdict, and the jury is the judge of the credibility of the witnesses and the weight to be given their testimony.''

The rule announced in the above case applies with equal force to the case at bar. The evidence offered by the state was sufficient to present a factual question for the jury; and the verdict will not be disturbed.

II. *The Instructions.* We have examined the instructions, and find them to be correct, and to cover all phases of the case. We mention the one regarding the punishment. (See *Allison* v. *State,* 204 Ark. 609, 164 S. W. 2d 442.) The trial court applied § 4042, Pope's Digest, to § 3405, Pope's Digest, by instructing the jury as follows:

''Gentlemen of the jury, if you wish to return a verdict of guilty and fix the punishment at death, your verdict will be in the following form: 'We, the jury, find the defendant, Albert Hodges, guilty of rape as charged in the information'; and the law automatically fixes the punishment at death. If you wish to return a verdict and fix the punishment at life imprisonment, you will return the following verdict: 'We, the jury, find the defendant, Albert Hodges, guilty of rape as charged in the information and fix his punishment at life imprisonment in the state penitentiary.' If you find the defendant not guilty, you will say: 'We, the jury, find the defendant, Albert Hodges, not guilty of rape.' In any event, you will elect one of your members as a foreman who will sign the verdict, and the verdict must be unanimous.''

Under these instructions the jury returned the death verdict, and the court rendered judgment in conformity thereto.

We find no error in the trial, and the judgment is affirmed.