PEMBERTON *v.* STATE.

4701                          '                   251 S. W. 2d 825

Opinion delivered October 20, 1952.

*Ike Murry,* Attorney General and *George E. Lusk, Jr.,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. The appeal is from a judgment finding the defendant guilty of rape and fixing his punishment at life in the penitentiary.

The details are too sordid and revolting to warrant extended comment. It is sufficient to say that there was substantial evidence to sustain the jury's verdict, challenged in the motion for a new trial.

Other matters raised by the motion were: (a) The court erred in permitting the sheriff to select bystanders for service on the jury after the regular panel had been exhausted; Ark. Stat's, § 39-220. (b) Instructions 1 and 2 given at the State's request were erroneous; (c) the defendant's requested instructions Nos. 2, 5, and 6 should have been given.

The objection relating to selection of the jury is not properly before us. The record does not disclose the irregularities complained of, hence there is a presumption the law was followed. Certainly an objection was a prerequisite to this court's duty of review. *Burrow* v. *State,* 177 Ark. 1121, 7 S. W. 2d 28.

The defendant has not filed a brief, therefore his grounds for objecting to instructions given or refused

must be deduced from the motion for a new trial. Again we are met with the defendant's failure to object to some of the instructions as given or as modified, and in making only a general objection in other instances. General objections reach only inherently erroneous matters.

The defendant sought to have the jury instructed that a verdict of guilty would not be proper unless the assaulted female failed to resist or make an outcry through fear of death. As modified the instruction was that fear of great bodily harm was sufficient. Such an instruction has long been approved. *Boyd* v. *State,* 207 Ark. 830, 182 S. W. 2d 937.

No error brought to the court's attention by the record is disclosed and the judgment must be affirmed.