MARION WOODROW WILLIAMS *v.* STATE OF ARKANSAS

CR 73-60 497 S.W. 2d 11

Opinion delivered July 16, 1973

*Bon McCourtney & Associates,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *James W. Atkins,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant, Marion Woodrow Williams, was convicted of second degree rape, it being alleged that he had sexual intercourse with his step-

daughter who was under fourteen years of age. See Ark. Stat. Ann. § 41-3401 (Supp. 1971). For reversal appellant contends that the court erred in permitting a rebuttal witness for the State to testify because the witness heard part of the State's testimony; that the competent evidence was insufficient to sustain a conviction; and that the court abused its discretion in refusing to give a cautionary instruction requested by appellant.

It appears undisputed that Jean Geneva Pipkin, the prosecuting witness, was just under fourteen years of age at the time of the alleged incidents in July 1972. It is also undisputed that Jean is a deaf mute. For several years she has been a student at the Arkansas School for the Deaf at Little Rock, spending the summer vacations with her mother and stepfather near Jonesboro. She testified very briefly on direct examination and of course through an interpreter. As to incidents in July, she testified that appellant had intercourse with her on July 14 and again on July 16; that she entered those experiences in her diary (which was introduced in evidence); and that she related those facts to her mother. The prosecuting witness was subjected to extensive cross-examination. From reading that record it is apparent that she was at times utterly confused. The dates which she gave under cross-examination did not always refer to the dates of July 14 and July 16; in fact she would give different dates. She was asked why her testimony was inconsistent and she replied that she did not understand many of the questions. At the conclusion of her testimony she said she did not understand all the questions on cross-examination. The witness also admitted on cross-examination that she became incensed at her stepfather because he spanked her but denied she was seeking revenge.

Sheriff Johnson testified that he arrested appellant on August 9, 1972; that appellant signed a waiver after having been given the Miranda warnings; and that appellant told the sheriff that the only act of molestation toward the girl was that "I have felt her breasts".

Dr. Grover Poole testified that he examined the prosecutrix at the request of the sheriff; that the hymen

had been ruptured; that the tear was healed "and the vagina was dilated to the extent you would suspect on one that has had intercourse several times".

The appellant offered three witnesses. They were Delbert Williams, brother of appellant; Mrs. Delbert Williams; and Mrs. Roscoe Tinsley, a sister of appellant. Delbert Williams testified that appellant was fishing on Poinsett Lake on July 14, and that the four people in the party spent the night on the lake. The witness did not remember anything concerning July 16. Mrs. Delbert Williams, who was in the fishing party, corroborated her husband. She fixed the date by referring to a date on which she wrote a check for two raincoats while on the trip. (At the insistence of the State, the witness went to her home and upon return reported that the cancelled check and the check stub were missing.) Mrs. Roscoe Tinsley testified that the prosecutrix was at her house all day on July 12 and until late in the night.

This brings us to the points asserted for reversal. The first assertion is that the court erred in allowing Catherine Baker, who had not been placed under the witness rule as were the other witnesses, to testify for the State in rebuttal. The facts appear to be that during the course of the testimony of the first defense witness, the prosecuting attorney decided he would need Catherine Baker as a rebuttal witness. He conferred with her in the courtroom and then sent her to the sheriff's office with instructions to remain there until she was called to testify. Her testimony concerned a collateral matter. She was permitted to testify over appellant's objection. There was no impropriety in that ruling. *Mobley* v. *State*, 251 Ark. 448, 473, S.W. 2d 176 (1971). There we said: "It usually lies within sound judicial discretion whether a witness, who has been in the courtroom in spite of a rule excluding witnesses therefrom, should be permitted to testify".

The second point for reversal is that the court erred in not directing a verdict of acquittal for insufficiency of evidence. We refer to, without repeating, our abstract of the principal testimony in the case. We think the evidence, when viewed in a light most favorable to the State, is more than sufficient to sustain the rulings of

the court. We readily concede on the basis of the cold record that there were inconsistencies in the testimony of the prosecutrix on cross-examination. She related those inconsistencies to her lack of understanding of the questions and insisted that her testimony on direct examination was true. The jury evidently believed her explanation and accepted her direct testimony as the correct version.

The final point has to do with the refusal of the court to give this cautionary instruction for appellant:

> You are instructed that the crime of second degree rape, of which Marion Williams is charged, is a serious one, and such a charge is easily made and hard to contradict or disprove; that it is a character of crime that tends to create a prejudice against the person charged; and, for these reasons, it is your duty to weigh the testimony carefully, and then determine the truth with deliberative judgment, uninfluenced by the nature of the charge.

A cautionary instruction in rape cases has many times been approved in substantially the form submitted. *Bradshaw* v. *State*, 211 Ark. 189, 199 S.W. 2d 747 (1947). However, the court said in *Bradshaw* that the refusal of the court to give a cautionary instruction will not call for reversal unless the discretion vested in the court has been grossly abused. Also, see *Warbington* v. *State*, 240 Ark. 1073, 405 S.W. 2d 281 (1966). Additionally, the jury panel was advised on voir dire examination of practically all the elements contained in the submitted instruction. At least one juror said he would be prejudiced in the case and he was excused for cause.

Affirmed.

FOGLEMAN, J., not participating.