Johnny Ray JONES *v.* STATE of Arkansas

CR 81-123                                    625 S.W. 2d 471

Supreme Court of Arkansas
Opinion delivered December 14, 1981

*Frierson, Walker Snellgrove & Laser,* by: *Glenn Lovett, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Jones was charged with sexual abuse in the first degree, in that he threw a nine-year-old boy on the ground and forcibly attempted to have anal intercourse with him. Ark. Stat. Ann. § 41-1808 (Repl. 1977). The jury found the defendant guilty and imposed a five-year sentence. Both points for reversal relate to the admissibility of evidence. Our jurisdiction is based on Rule 29 (1) (c).

Defense counsel presented a pretrial motion asking the court to rule that if Jones elected to testify the prosecution could not impeach his credibility by showing that Jones had pleaded nolo contendere to an earlier charge of rape also involving a little boy. It was argued that the prejudicial effect of the earlier conviction would outweigh its probative value. Following the court's denial of the motion Jones elected not to testify. The ruling is assigned as error.

The ruling was wrong. Uniform Evidence Rule 609 (a), Ark. Stat. Ann. § 28-1001 (Repl. 1979), provides in part that "[f]or the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted only if . . . the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness." An exception is made for crimes involving dishonesty or false statement, which may

always be proved. Other details in the Rule are unimportant here.

The Uniform Rule unqestionably changed the Arkansas law, which formerly permitted proof of a conviction of any felony to impeach a witness's credibility. Field, *A Code of Evidence For Arkansas?*, 29 Ark. L. Rev. 1, 27 (1975). The Uniform Rule is specifically directed to the conviction's probative value with respect *only* to credibility, because under both our common law and the Uniform Rules proof of an earlier crime is not admissible merely to bolster the prosecution's case by showing that the accused is a person of bad character, addicted to crime. *Alford* v. *State*, 223 Ark. 330, 266 S.W. 2d 804 (1954); Uniform Rule 404 (b).

On the facts of this case the prejudicial effect of the previous conviction clearly outweighed its value as bearing on credibility. There may be instances in which proof of an earlier conviction for the same crime as that on trial may be admissible, but there are sometimes strong reasons for excluding such proof because of the pressure on lay jurors to believe that "if he did it before he probably did so this time." *Gordon* v. *United States*, 383 F. 2d 936 (D.C. Cir. 1967), cert. denied 390 U.S. 1029 (1968). That is especially true in the case at bar, because sexual abuse of a child is a particularly shameful and outrageous crime. Moreover, at the pretrial hearing it was admitted by defense counsel that Jones's two previous convictions for burglary and theft would be admissible if he testified. Thus the prosecutor would have been free to question Jones's credibility, as a convicted felon, Proof of still a third conviction, for a similar sexual assault upon a little boy, would have been of scant probative value as compared to its significantly prejudicial effect on the jury.

Second, defense counsel also asked the trial judge to decide before the trial whether a certain line of inquiry by the defense would open the door to proof by the prosecution that Jones had previously been convicted of a similar sexual offense. Counsel now challenge the judge's ruling that the proposed inquiry would have let in the proof.

The State meant to, and did, call the witness Spencer to

testify that he had seen Jones and the child emerging from a wooded area with their trousers unbuttoned and that the child then told Spencer about the acts leading to the present prosecution. Defense counsel had a written statement in which Spencer had said: "I knew it was Johnny, because I was in the pen with him." Counsel proposed to cross-examine Spencer about that statement and then show by Johnny's father that Johnny had not been in the penitentiary at the time Spencer was there. The court ruled that the prosecution would then be entitled to prove that Jones's penitentiary confinement had been for the prior sexual offense (the burglary-theft convictions having resulted in probation, not imprisonment).

All the facts are not before us, because after the court's ruling the suggested course was not pursued. We do not disregard the possibility that the proof might not have developed just as counsel expected or that the court might have reconsidered its pretrial ruling, as it was entitled to do. *Control Data Corp.* v. *International Business Mach. Corp.*, 421 F. 2d 323 (8th Cir. 1970); *Nance* v. *Flaugh*, 221 Ark. 352, 253 S.W. 2d 207 (1952). We must nevertheless decide the issue, a new trial being necessary.

We hold that if the proof develops as expected by defense counsel, his proposed inquiry would not open the door to proof of the reason for Jones's imprisonment. Spencer's statement that he knew it was Johnny because he had been in the penitentiary with him was not a mere collateral issue, injected only for the purpose of an impeaching contradiction. See *Sellers* v. *State*, 93 Ark. 313, 124 S.W. 770 (1910). To the contrary, the statement was an affirmative basis for Spencer's identification of Jones and therefore subject to refutation without reference to the reason for Jones's confinement. As far as Spencer's credibility was concerned, the only relevant issue would be, Was Jones there?, not Why was he there?

Reversed and remanded for a new trial.

ADKISSON, C.J., dissents as to the first point.