Gardner SMITH, Jr. *v.* STATE of Arkansas

CR 82-63                                                639 S.W.2d 348

Supreme Court of Arkansas
Opinion delivered September 27, 1982

*Charles P. Allen,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was tried before a petit jury in Phillips County and convicted of the offense of rape as defined by Ark. Stat. Ann. § 41-1803 (Repl. 1977). Sentence was affixed at a term of life imprisonment.

On appeal the appellant urges three grounds for reversal: (1) the trial court erred in denying the defendant's motion in limine and allowing into evidence defendant's prior convictions; (2) the trial court erred in denying the defendant's motion to dismiss the charge of rape, or in the alternative, to reduce the charge of rape to the charge of sexual abuse in the first degree; and, (3) the trial court erred in not instructing the jury as to the applicable punishment pursuant to § 8 of Act 620 of 1981. None of the three grounds argued by the appellant amounted to prejudicial error and we affirm the proceedings in the trial court.

The facts reveal that the rape occurred in the victim's home about 2:30 a.m. on December 11, 1980. The appellant alleged he intended to go into the victim's house and get a little rest and was " . . . trying to get some of the alcohol and stuff out of myself." He alleged he knocked at the door, then went to the window and kicked it in after which the victim opened the door. The victim insisted the door remained locked at all times and that he came to the window, kicked it in and entered through it. At one time appellant stated to the jury he was in front of the window when he noticed a monkey on his back and ended up kicking the window in. In any event, he entered the home without an invitation and proceeded to have sex with the victim, according to her testimony. He denied having intercourse with the victim and stated that he just felt of her private parts and then fell asleep. He admitted asking her about "having a little sex" with him and that he assisted her in taking off her undergarments. This clothing was presented to the police officer, and later introduced into evidence in a torn condition. She stated her panty hose and panties were not torn prior to the time that appellant entered her home. The only dispute in the facts is that the victim claimed she was raped

and the appellant said he did not have intercourse at all with her. When the police came to the scene after being called by the victim's daughter, they found the appellant sitting on the victim's couch and brought him outside where he was observed by the victim. She had been unable to see him while he was inside because there were no lights on in that portion of the house. The victim stated there was no one else in the house except the person who had raped her. She observed the police bring the appellant out. Although she could not identify him from the observation she made at the time of the incident, she was able to identify him as the man brought out of her house by the police.

The victim stated she left after the assault and told her daughter who lived next door about the rape. She testified the appellant hit her on the side of the head when she yelled and also choked her. The daughter called the police who took the appellant into custody at the scene. The victim was taken to the police station later on the same date and made an incident report. The original report stated that someone had broken into her house and struck her. The initial report did not mention rape. However, the victim reported it immediately to her family and stated she thought she reported it to the police. In any event, the rape charge was added to the report a few days after the initial incident report. It is possible the victim, being 78 years of age, did not remember to tell the police about the entire circumstances of the incident when she arrived at the station. On the other hand, the officer may have simply failed to include it in his initial report. It makes no difference because the victim has consistently stated that she was raped at the time and place mentioned.

## I.

## THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION IN LIMINE AND ALLOWED INTO EVIDENCE PRIOR CONVICTIONS OF THE DEFENDANT.

The first point argued by appellant relates to the court overruling his motion in limine in which he sought to

prevent evidence of prior convictions being introduced. The convictions in question had occurred 15 and 16 years prior to the charge for which appellant was being tried. The appellant attempts to exclude these convictions pursuant to the provisions of Rule 609 of Uniform Rules of Evidence which is as follows:

> (a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness, or (2) involved dishonesty or false statement, regardless of the punishment.

> (b) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than ten [10] years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date.

The key words in the foregoing rule are "if a period of more than ten [10] years has elapsed since the date of the conviction or of the release." The appellant admits that it has been less than ten years since he was last confined for the offenses for which he had been convicted. He had been sentenced to a term of ten years for burglary in March of 1965 and seven years for rape in September of 1965. He was paroled in 1969 which was revoked in 1973. He was again paroled in 1974 which was revoked in 1976 at which time he served until his release in 1979. His last confinement was in 1979 and therefore clearly within the ten-year exclusion listed in Rule 609. We hold to the wording of the statute that this rule applies to the date of conviction or to the release from confinement, whichever is later. It does not matter that the conviction was more than ten years past if he last served time for that conviction within ten years of the time of trial for the subsequent criminal act.

At the pretrial hearing on the motion in limine the court ruled that the prior convictions were permissible pursuant to Rule 609. The court also ruled that the probative value of the evidence outweighed the possibility of prejudice to the appellant. The court specifically made the ruling separately as to each incident. Rule 609 concerns itself with the credibility of a witness who is offering testimony in the current case. The appellant insists that Rule 404 (b) prohibits the use of the evidence of the two prior convictions. Rule 404 (b) states:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

The foregoing rules serve two separate purposes. Thus a past conviction which would not be admissible under Rule 404, as evidence of other crimes, might be admissible under Rule 609 for the purpose of attacking the credibility of a witness. The trial court was required by our rules to make a determination of whether the probative value of this evidence outweighed its prejudicial effect. We cannot say that the trial court abused its discretion in this instance. *Young* v. *State*, 269 Ark. 12, 598 S.W.2d 74 (1980). Under one set of circumstances we have held that it was reversible error when the court failed to grant appellant's motion to prevent evidence of a prior conviction on a charge of rape involving a young boy when the crime under consideration was also a charge of rape against a young boy. *Jones* v. *State*, 274 Ark. 379, 625 S.W.2d 471 (1981). These matters must be decided on a case by case basis. We have allowed cross-examination of a defendant when the matter related to a prior conviction of the same nature as that for which he was being tried. *Rhodes* v. *State*, 276 Ark. 203, 634 S.W.2d 107 (1982). In *Rhodes*, the instance was allowed pursuant to Rule 608.

## II.

## THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO DISMISS THE CHARGE OF RAPE, OR IN THE ALTERNATIVE, REDUCE THE CHARGE OF RAPE TO THE CHARGE OF SEXUAL ABUSE IN THE FIRST DEGREE.

This point amounts to an argument that the evidence was insufficient to support the verdict. In the factual statement we have set forth facts which very clearly indicate that this matter was a question for determination by the jury. Holding that the evidence was insufficient to support the verdict is equal to stating that there should have been a directed verdict at the close of all the evidence. We have many times stated that we view such matters in the light most favorable to the appellee and affirm if there is any substantial evidence to support the verdict. *Jones* v. *State,* supra; *Hutcherson* v. *State,* 262 Ark. 535, 558 S.W.2d 156 (1977). In reaching this decision we are aware that the victim was unable to personally identify the appellant as the person who raped her. However, all of the circumstantial evidence clearly shows the appellant was the only other person present in her home at the time of the rape. We have previously held that circumstantial evidence can present a question for the jury and be the basis to support a conviction. *Upton* v. *State,* 257 Ark. 424, 516 S.W.2d 904 (1974). We hold that the circumstantial evidence in this case was at least of a substantial nature and we find it is sufficient to support the verdict.

The second part of this argument is that the charge of rape should have been reduced to that of sexual abuse in the first degree. We cannot agree with this argument. We have many times held that the testimony of a victim need not be corroborated to prove the crime of rape. *Urquhart* v. *State,* 273 Ark. 486, 621 S.W.2d 218 (1981). For the reasons previously stated we hold that there was sufficient evidence to support the conviction for rape and it was not error to fail to refuse to reduce the charge to sexual abuse in the first degree.

## III.

## THE TRIAL COURT ERRED IN NOT INSTRUCTING THE JURY AS TO THE APPLICABLE PUNISHMENT PURSUANT TO § 8 OF ACT 620 OF 1981.

The final point argued by the appellant is that the class Y felony should have been used instead of the class A felony which was in effect at the time of the commission of the crime. Act 620 of 1981 became effective in June of that year. The crime for which the appellant was tried was committed on December 11, 1980. The trial was held on July 28, 1981. The appellant argues that he should have been tried under the act which was in effect at the time of the trial. The only difference in the old law and the new law is that the new one provides that rape is a class Y felony and the punishment ranges from not less than 10 years nor more than 40 years, or life. In the class A felony law which was in effect at the time of the commission of the crime the penalty was not less than five years nor more than 50 years, or life. It is hard to understand how the appellant could have been prejudiced even if the wrong instruction had been given because the maximum punishment under the old and the new is life which is the sentence the appellant received. We have held previously that when procedures are changed, the law in effect at the time of the trial governed. On the other hand, when substantive law is changed, we have held that the trial is governed by the law in effect at the time of the offense. See *Duncan* v. *State,* 260 Ark. 491, 541 S.W.2d 926 (1976); and *Cassell* v. *State,* 273 Ark. 59, 616 S.W.2d 485 (1981). Act 620 of 1981 changed the penalty provided for rape and also reclassified it from a class A felony to a class Y felony. The minimum sentence was raised from five to ten years. Therefore, we are of the opinion that the change was substantive and not procedural. *Jennings* v. *State,* 276 Ark. 217, 633 S.W.2d 373 (1982).

We have reviewed the transcript for other errors and can find no reversible error.

Affirmed.