Richard WILLIAMS *v.* STATE of Arkansas

CA CR 82-93                                    644 S.W.2d 608

Court of Appeals of Arkansas
Opinion delivered December 1, 1982

*William R. Simpson, Jr.,* Public Defender, by: *Jackson Jones,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

DONALD L. CORBIN, Judge. Appellant, Richard Williams, was convicted by a Perry County jury of rape, a violation of Ark. Stat. Ann. § 41-1803. He was sentenced to a term of twenty-five years of imprisonment. We affirm.

Appellant contends that the trial court erred in denying his motion in limine wherein he asked the Court to order the State not to use evidence of his prior rape or sexual abuse conviction to impeach his credibility as a witness. Appellant contended at trial that the prior crime had no relation to the defendant's character for truthfulness; that the only purpose for eliciting the nature of the prior crime would be to imply that appellant, having been convicted of that crime previously, was likely to be guilty this time; and that any probative value of the evidence of the prior crime was greatly

outweighed by its prejudicial nature. Rule 609 (a) of the Arkansas Uniform Rules of Evidence provides in pertinent part:

> [f]or the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one (1) year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness, or (2) involved dishonesty or false statement, regardless of the punishment.

In *Jones* v. *State*, 274 Ark. 379, 625 S.W.2d 471 (1981), the defendant was charged with the sexual abuse of a nine-year old boy. The trial court ruled that if the defendant elected to testify, the State would be allowed to impeach his credibility by showing that he had pleaded *nolo contendere* to an earlier charge of rape that involved a young boy. The Supreme Court reversed the trial court. The Court noted that "[t]here may be instances in which proof of an earlier conviction for the same crime as that on trial may be admissible, but there are sometimes strong reasons for excluding such proof because of the pressure on lay jurors to believe that 'if he did it before he probably did so this time.'" The Court concluded that on the facts of the case before it involving the "particularly shameful and outrageous crime" of sexual abuse of a child, "the prejudicial effect of the previous conviction clearly outweighed its value as bearing on credibility." The Court in *Jones* v. *State, supra,* also pointed out that the defendant had two previous convictions for burglary and theft which could have been used to impeach his credibility as a convicted felon and that proof of the rape conviction would have been of "scant probative value."

In the present case, appellant admitted that the State might properly be allowed to impeach his credibility by proof that he was a convicted felon without mentioning that the prior felony conviction was for rape or sexual abuse.

In *Smith* v. *State*, 277 Ark. 64, 639 S.W.2d 348 (1982), the defendant was charged with rape of a 78 year-old woman. At the pretrial hearing on the motion in limine in which the defendant sought to exclude evidence of prior convictions involving burglary and rape, the trial court ruled that the prior convictions were permissible pursuant to Rule 609. The trial court in *Smith* also ruled that the probative value of the evidence outweighed the possibility of prejudice to the defendant. The Supreme Court affirmed the trial court's ruling citing *Jones,* but went on to say, "These matters must be decided on a case by case basis."

The trial court is required to weigh the probative value of the prior conviction against its prejudicial effect. Here, the trial court made the following ruling at the hearing on appellant's motion in limine as follows:

> The bottom line of this case is whether the jury's going to believe Mrs. Carter that it was forced or whether they're going to believe Mr. Williams that it was by consent. And the State is entitled to attack Mr. Williams' credibility just as you attacked Mrs. Carter's credibility by inquiring that her husband was in the penitentiary. It shouldn't but it did go to her.
>
> But, be that as it may, the bottom line is credibility. I'm going to permit the State to inquire of his prior conviction for credibility purposes. And, if you want me to instruct the jury at that time, I will do so.

We cannot say that the trial court abused its discretion in this instance.

Finally, appellant contends that the trial court erred in failing to grant a mistrial upon the revelation by the victim on redirect that her husband was in jail with the appellant. This issue arose out of the following testimony by the victim:

> Q. Did the defendant, Richard Williams, know that your husband was in prison?
> A. Yes.

Q. Do you know how he knew that?
A. They had been jailed together.

Appellant concedes that no motion for mistrial was requested or admonition asked. The granting of a mistrial is a drastic remedy and should be resorted to only when the prejudice is so great that it cannot be removed by an admonition to the jury. *Cobb* v. *State,* 265 Ark. 527, 579 S.W.2d 612 (1979). The declaring of a mistrial lies within the discretion of the trial court. *Cary* v. *State,* 259 Ark. 510, 534 S.W.2d 230 (1976). Its actions will not be reversed absent a clear showing not only of abuse of that discretion but of prejudice likely to result. *Daugherty* v. *State,* 3 Ark. App. 112, 623 S.W.2d 209 (1981); *Finch* v. *State,* 262 Ark. 313, 556 S.W.2d 434 (1977).

Although appellant cites *Glick* v. *State,* 275 Ark. 34, 627 S.W.2d 14 (1982), in support of his argument, we believe its rationale is applicable in support of the State's position that a mistrial was not warranted. The Supreme Court in *Glick, supra,* stated:

Conceding the testimony had some prejudicial aspects, it should be said that the state has a right to meet its burden of proof from the relevant facts of the case, even though some coincidental detriment to the defendant may result. If one of the victims of the robbery knew the accused in the penitentiary and recognized him because of that association, the state cannot be deprived of probative evidence connecting the defendant to the crime simply because there are dual aspects to such evidence. Appellant cites *Alford* v. *State,* 223 Ark. 330, 266 S.W.2d 804 (1954), but that decision is not in point — it deals with the question of when evidence of a prior offense, not part of the offense being tried, can be introduced. We are not dealing with prior offenses but simply with admissible evidence from which a jury might infer the accused had been, or was, in the penitentiary. While the state cannot make direct proof of that fact (and, indeed, should refrain from even drawing needless attention to it), because of the heavy burden of proof placed on the state under the law, it

cannot be denied the opportunity of meeting that burden simply because some of the evidence has a coincidental implication not favorable to the accused. See *Young* v. *State,* 269 Ark. 12, 598 S.W.2d 74 (1980); and *Tarkington* v. *State,* 250 Ark. 972, 469 S.W.2d 93 (1971).

The victim in this case merely stated the reason she knew that the appellant was aware that her husband did not live with her. Appellant injected this matter into the case through his questioning of the victim during cross-examination and he cannot complain of what was developed. *Philmon* v. *State,* 267 Ark. 1121, 593 S.W.2d 504 (Ark. App. 1980).

We affirm.

MAYFIELD, C.J., concurs.

COOPER and GLAZE, JJ., dissent.

MELVIN MAYFIELD, Chief Judge, concurring. I concur in the result of the opinion in this case for the reasons set out in my concurring opinion in *Bell* v. *State,* handed down today.

TOM GLAZE, Judge, dissenting. It is my opinion that the Supreme Court's recent cases of *Jones* v. *State,* 274 Ark. 379, 625 S.W.2d 471 (1981); and *Smith* v. *State,* 277 Ark. 64, 639 S.W.2d 348 (1982), are totally irreconcilable. Anything this Court attempts to do in this case to distinguish the holdings in *Jones* and *Smith* is meaningless.

In both cases, the defendants filed pretrial motions requesting that the Court rule that if they elected to testify, the prosecution could not impeach their credibility by showing they previously had been convicted of the same crime with which they presently were being tried. In *Jones,* the Supreme Court held the prejudicial effect of the earlier conviction outweighed its probative value. The case was reversed and remanded for a new trial. In *Smith,* the Supreme Court upheld the trial court's decision to admit the

earlier conviction, stating the trial court was required to make a determination of whether the probative value of the conviction outweighed its prejudicial effect; the Supreme Court said that it could not say the trial court abused its discretion.

The problem that arises from the opposite results reached in *Jones* and *Smith* is that one cannot determine from the record what factors the respective trial courts considered when they admitted the earlier convictions. There is simply no mention of any evidence or reasons why the prior convictions were or were not prejudicial. Nonetheless, the Supreme Court held in *Jones* the earlier conviction was prejudicial but in *Smith* it was not.

In *Jones*, the defendant had been convicted of other felonies in addition to the one the Supreme Court ultimately decided was prejudicial. Perhaps, the court concluded that these other felony convictions were sufficient for impeachment purposes. I seriously doubt that this could be the sole distinction between *Jones* and *Smith*. The critical issue concerning whether to admit or exclude an earlier conviction for the same crime is whether its admission would prejudicially cause the jurors to believe the defendant is guilty because he had done the same crime before. Whether a defendant has only one or a host of convictions does not address the real issue.

In future cases that involve this same issue, one can expect the defendant to cite *Jones* for reversal and the State to cite *Smith* for affirmance. I am convinced the majority of this court would have reversed this cause if it had not been for the Supreme Court's more recent holding in *Smith*.

I believe more definite guidelines should be established when the admissibility of impeachment evidence under Rule 609 of the Arkansas Rules of Evidence is involved. In determining probative value and prejudice, the trial judge at least should consider (1) the impeachment value of the prior conviction, (2) the proximity in time and the witness' subsequent history, (3) the similarity between the past crime and the charged crime, (4) the importance of testimony and

(5) the centrality of the credibility issue. I have no objection to a case by case analysis, as is suggested by the Supreme Court in *Smith*, but I believe the trial court should make a finding *on the record* that the probative value of admitting a prior conviction outweighs its prejudicial effect as is required by Rule 609 (a) (1). A clear finding insures that the trial court has taken into account the relevant considerations. This explicit balancing process has been urged by a number of our federal courts. *See United States* v. *Fountain,* 642 F.2d 1083 (7th Cir. 1981); *United States* v. *Preston,* 608 F.2d 626 (5th Cir. 1979); and *United States* v. *Mahler,* 579 F.2d 730 (2nd Cir. 1978). If this procedure is followed, an appellate court will be in a position to honestly state that the trial court weighed the possible prejudice of the prior conviction. Otherwise, we will never know what was considered and are left to guess on appeal. This is exactly what occurred in *Jones* and *Smith*.

JAMES R. COOPER, Judge, dissenting. I respectfully dissent from the part of the majority opinion which deals with the admissibility of a prior felony conviction for the purpose of attacking the credibility of a witness. The appellant decided not to testify in his own defense, based on the trial court's ruling regarding the admissibility of a prior conviction. He now alleges that the trial court erred.

Where a defendant in a criminal case testifies in his own behalf, his credibility becomes an issue, and the State may impeach his testimony by proof of prior felony convictions. Uniform Rules of Evidence, Rule 609 (a), Ark. Stat. Ann. § 28-1001 (Repl. 1979); *Gustafson* v. *State,* 267 Ark. 278, 590 S.W.2d 853 (1979). Rule 609 (a) provides:

General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one [1] year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness, or (2) involved

dishonesty or false statements, regardless of the punishment.

In the case at bar, the prior conviction for rape or sexual abuse would only be admissible because of its seriousness and not because it involved dishonesty.

The purpose of impeachment evidence is to show background facts which bear directly on whether jurors ought to believe a particular witness, rather than other and conflicting witnesses. The rationale for admitting prior crimes under Rule 609 (a) is that an accused should not be permitted to appear before a jury as a reasonably trustworthy person of good character, when his criminal record is to the contrary. *United States* v. *Lewis,* 626 F.2d 940 (D.C. Cir. 1980).

The theory that all felony convictions are relevant to credibility depends on the following assumptions: (1) that a person with a criminal record has a bad general character, and (2) that a person with a bad general character is the type of person who would be inclined to disregard the obligation to testify truthfully. From these assumptions, the jury may then determine that the witness is not testifying truthfully. 3 J. Weinstein, Evidence § 609 [02] (1981).

In a criminal case, the accused with a criminal record runs the risk that the jury may decide to punish him because he is a bad person, regardless of his guilt; or that the jury will assume that since he has been previously convicted of a crime, then he is therefore likely to be guilty of the crime charged. These are precisely the reasons why the use of character evidence is barred, at least where its sole purpose is to prove that the accused acted in conformity with his character. Uniform Rules of Evidence, Rule 404 (b), Ark. Stat. Ann. § 28-1001 (Repl. 1979); *Price* v. *State,* 268 Ark. 535, 597 S.W.2d 598 (1980); *Alford* v. *State,* 223 Ark. 330, 266 S.W.2d 804 (1954).

If the accused testifies in his own behalf, he faces impeachment by proof of his prior felony convictions and the risk that the jurors, instead of considering the convic-

tions as relevant to credibility, will consider them as evidence of guilt, despite instructions to the contrary.

Generally, cases involving Rule 609 (a) are concerned with whether the trial court abused his discretion in determining whether the probative value of a prior conviction outweighs its prejudicial effect. However, in the case at bar and in *Bell* v. *State,* 6 Ark. App. 388, 644 S.W.2d 601 (1982), defense counsel offered to stipulate to the *fact* of the prior conviction, and sought to exclude that which would be most prejudicial, the nature of the prior crime. The majority has chosen to treat this case as a routine probative value versus prejudicial effect case, when an additional, significant element is present. The majority opinion does not discuss how telling the jury about the nature of the prior crime has any probative value, much less how that probative value outweighs its prejudicial effect.

Given the theory behind Rule 609 (a) (1), I can see no justification for allowing the jury in the case at bar to know the nature of the crime for which the appellant was convicted, when his counsel had requested that the specific crime not be revealed. The nature of the crime had little or no relevance to the credibility of the appellant, unlike the crimes contemplated by Rule 609 (a) (2) which involve dishonesty or false statements, and the possibility of prejudice was extremely high, because of the similarity with the crime charged. Particularly in light of the nature of the prior crime, I believe that the State should have been limited to proving the *fact* of the prior conviction, assuming that the probative value of that fact outweighed its prejudicial effect. In deciding whether to allow into evidence the prior conviction, the trial court said:

> . . . I have before me a rape case in which the defense is one of consent and I have no evidence of consent at this time.
> In anticipating that Mr. Williams will take the stand and tell his story that the intercourse did occur by consentual agreement, then I will permit the prosecutor to inquire of him as to his prior sexual activities

for credibility purposes. I'm permitting him to inquire into it for credibility purposes.

The bottom line of this case is whether the jury's going to believe Mrs. Carter that it was forced or whether they're going to believe Mr. Williams that it was by consent. And the State is entitled to attack Mr. Williams' credibility just as you attacked Mrs. Carter's credibility by inquiring that her husband was in the penitentiary. It shouldn't but it did go to her.

The jury was entitled to know that the appellant was a convicted felon. Rule 609 (a) so states. However, in balancing the probative value of the prior conviction against its prejudicial effect, the trial court could have given the jury the probative information (the fact of the conviction) without the prejudicial information (the nature of the crime), and thereby not affected the free exercise of one of appellant's rights (his decision whether to testify in his own defense).

The interests of the State are protected by such an approach. In cases where the prior crime is similar or identical to the one charged, the risk of prejudice is very high. If the trial court excludes any reference to the prior crime, then justice is not served because the defendant appears to the jury as a law-abiding person of good character, rather than a person whose credibility is suspect by virtue of a felony conviction. On the other hand, if the trial court allows the nature of the crime in evidence, then the defendant must decide whether to testify, with the knowledge that the jury may convict him based on an improper use of the prior conviction. When it is possible to apply the Rules of Evidence so as to safeguard the rights of the State and the defendant, and to accomplish the purpose for which the Rule was adopted, I think that is the better approach. I think the trial court should have limited the State's proof to the *fact* of the prior conviction.

The position taken in this dissenting opinion is not inconsistent with the prior decisions of the Arkansas Supreme Court or this Court. In *Smith* v. *State,* 277 Ark. 64, 639 S.W.2d 348 (1982), *Jones* v. *State,* 274 Ark. 379, 625

S.W.2d 471 (1981), and *Washington* v. *State,* 6 Ark. App. 85, 638 S.W.2d 690 (1982), the appellants never offered to stipulate to the *fact* of their prior convictions. This Court and the Arkansas Supreme Court decided those cases on the issues presented to them. In the case at bar, I think the majority opinion ignores the distinguishing factor of this case, and that is the offered stipulation.

I would reverse and remand for a new trial.