The Honorable Paul R. Bosson Prosecuting Attorney Eighteenth Judicial District, East 501 Ouachita Avenue Hot Springs, Arkansas 71901
Dear Mr. Bosson:
This is in response to your request for an opinion regarding the fingerprinting and photographing of persons arrested by law enforcement officers. You comment that law enforcement officers are required to photograph and fingerprint all persons charged with a felony or Class A misdemeanor. With that in mind, you have presented the following question:
 Is there any prohibition against law enforcement officers photographing and fingerprinting all persons arrested for other misdemeanors and violations?
In my opinion, law enforcement officers are generally not prohibited from fingerprinting and photographing persons arrested for "other misdemeanors and violations."
Arkansas Code Annotated § 12-12-101 (Repl. 1995) provides in part:
 (a) It shall be the duty of all law enforcement agencies in Arkansas to fingerprint all individuals arrested for:
(1) All felony offenses;
 (2) All Class A misdemeanor offenses wherein violence or the use of a weapon was involved; and
 (3) All offenses involving the manufacture, delivery, possession of a controlled substance, or possession with intent to manufacture or deliver a controlled substance.
In addition, A.C.A. § 12-12-101(c) provides that "any individual who is arrested for a felony or misdemeanor and who refuses to be fingerprinted or photographed under this section shall be guilty of a Class C misdemeanor." Although this statute does not require law enforcement agencies to fingerprint and photograph individuals arrested for "other misdemeanors and violations" as contemplated in your question, the statute does not flatly prohibit such action.
Further, it is generally held proper for law enforcement authorities to take photographs and fingerprints of an arrested person. 21A Am. Jur. 2dCriminal Law § 1020 (1981); see also Kennedy v. United States,353 F.2d 462 (D.C. Cir. 1965) (Constitution does not proscribe fingerprinting and photographing). In Mabry v. Kettering,89 Ark. 551, 117 S.W. 746 (1909), the Arkansas Supreme Court held that it would not restrain public officers charged with the enforcement of criminal laws from developing photographs of persons accused of crime for the purpose of identifying the individuals accused. In Shannon v. State, 207 Ark. 658, 182 S.W.2d 384
(1944), the court commented that under the general police power, sheriffs and other peace officers have the authority to fingerprint persons in their custody suspected or accused of crimes in order to establish identification of such persons. The court stated that to do so was not an invasion of any constitutional or natural right of such persons. Id. More recently, the court recognized that fingerprints are protected by theFourth Amendment to the United States Constitution. Floyd v. State,278 Ark. 342, 645 S.W.2d 690 (1983). The court, however, concluded that the taking of the appellant's fingerprints was not an illegal intrusion or seizure as the appellant was legally in custody of the state and the giving of the fingerprints is a routine matter which is within the discretion of the police department. Id.
With regard to juveniles, A.C.A. § 9-27-320(a) (Supp. 1995) must also be considered:
 (1) When a juvenile is arrested for any offense which, if committed by an adult, would constitute a felony, or a Class A misdemeanor wherein violence or the use of a weapon was involved, the juvenile shall be photographed and fingerprinted by the law enforcement agency.
 (2) In the case of an allegation of delinquency, a juvenile shall not be photographed or fingerprinted under this subchapter by any law enforcement agency unless he has been taken into custody for the commission of an offense which, if committed by an adult, would constitute a felony or a Class A misdemeanor wherein violence or the use of a weapon was involved.
Accordingly, if a juvenile is taken into custody pursuant to an "allegation of delinquency," the requirements set out in A.C.A. §9-27-320(a)(2) would govern the photographing and fingerprinting of the juvenile.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh