The Honorable Randy Minton State Representative 880 Minton Road War, AR 72176-8618
Dear Representative Minton:
You have requested an Attorney General opinion concerning the fingerprinting of arrestees by law-enforcement officers.
You indicate that your question arises out of the fact that a municipal judge in Little Rock has issued a bench order requiring the fingerprinting of all persons who are arrested, regardless of the particular class of offense. You also indicate that this practice has become an official policy of the Little Rock Police Department.
In light of this situation, you have presented the following questions:
(1) Can a municipal law supersede a state law?
 (2) How much power does a municipal judge have in issuing bench orders under Arkansas law or other jurisdictional law?
 (3) Does fingerprinting of misdemeanors constitute an invasion of privacy under existing laws or the Arkansas Constitution?
Response
Question 1 — Can a municipal law supersede a state law?
It is my opinion that a municipal law cannot supersede a state law. I must point out that that in order for a question of supersession to arise, a conflict must exist between the municipal law and the state law. Cities are prohibited by state law from enacting any ordinance that is inconsistent with or contrary to state law. Article 12, § 4 of the Arkansas Constitution states: "No municipal corporation shall be authorized to pass any law contrary to the general laws of the state. . . ." Accord, A.C.A. §§ 14-42-307 (cities can exercise all powers conferred by state law that are "not contrary" to state law);14-54-101 (cities can exercise powers that are "not inconsistent" with the general laws of the state); 14-55-101 (cities can enact ordinances that are "not inconsistent with the laws of the state"). If a city does enact an ordinance or implement a policy that conflicts with state law, state law will supersede the city ordinance or policy.
The situation that you have described does not, in my opinion, give rise to a question of supersession. That is, there does not appear to be a conflict between the municipal judge's bench order and state law.
State law currently requires the fingerprinting of persons who are arrested for felony offenses or for Class A misdemeanors. See A.C.A. §12-12-1006. State law also requires the fingerprinting of juveniles who are arrested for offenses which, if committed by an adult, would constitute a felony or a Class A misdemeanor in which violence or the use of a weapon was involved. See A.C.A. § 9-27-320. The fact that these statutes affirmatively require fingerprinting in cases involving felonies and Class A misdemeanors does not indicate that fingerprinting in cases involving other offenses is prohibited. See Op. Att'y Gen. No. 97-097. The only statutory restriction on fingerprinting is that in cases involving allegations of delinquency, juveniles may not be fingerprinted unless they have been taken into custody. See A.C.A. § 9-27-320(a)(2). Again, this restriction would not have the effect of prohibiting the fingerprinting of persons who are arrested for other offenses.
It is my opinion that law-enforcement officers have the authority to fingerprint arrested persons (regardless of the particular class of offense) for identification purposes. The Arkansas Supreme Court held inShannon v. State, 207 Ark. 658, 182 S.W.2d 384 (1944) (which was decided before the enactment of a statute authorizing fingerprinting) that even in the absence of a statute authorizing fingerprinting, the authority of law-enforcement officers to fingerprint arrested persons for purposes of identification falls within the general police power. More recently, inFloyd v. State, 278 Ark. 342, 645 S.W.2d 690 (1983), the court recognized that when a person is "legally in custody of the state, . . . the giving of the fingerprints is a routine matter which is within the discretion of the police department." Id. at 345. The court also referred to the taking of fingerprints as "the allowable investigative procedures employed by police officials." Id. Given this position of the court, I conclude that if the court were considering your question, it would conclude that the municipal judge's bench order requiring the fingerprinting of all arrested persons, for purposes of identification, does not conflict with state law.
Question 2 — How much power does a municipal judge have in issuing benchorders under Arkansas law or other jurisdictional law?
This question is very broad and is difficult to answer in the abstract. Although it is not entirely clear what you are asking, I surmise that your question is whether the municipal judge you have described has the power to issue the bench order that you have described. As stated in response to Question 1, it is my opinion that the municipal judge in question does have the power to issue a bench order that requires the fingerprinting of all persons who are arrested, regardless of the particular class of offense. As explained above, this particular bench order does not, in my opinion, conflict with state law.
Question 3 — Does fingerprinting of misdemeanors constitute an invasionof privacy under existing laws or the Arkansas Constitution?
It is my opinion that the fingerprinting of misdemeanors does not constitute an invasion of privacy under existing laws or the Arkansas Constitution.
There is no state or federal statutory law that declares the fingerprinting of misdemeanors to constitute an unlawful invasion of privacy. Moreover, although the Arkansas Supreme Court has not specifically addressed the question of whether fingerprinting of misdemeanors violates the Arkansas Constitution, it has rendered other decisions that indicate that if the issue came before it, it would not find a violation of the Arkansas Constitution.
For example, the Arkansas Supreme Court has held that although fingerprinting is subject to the U.S. Constitution's Fourth Amendment protection against unreasonable searches and seizures, the fingerprinting for investigative purposes of persons who are in the custody of law-enforcement officials does not violate those persons'Fourth Amendment rights. See Floyd v. State, 278 Ark. 342, 645 S.W.2d 690
(1983). The court has also held that the constitutional right of privacy under the Fourteenth Amendment to the U.S. Constitution does not extend to prohibit the state's collection of data concerning private citizens for public purposes. See Arkansas Dep't of Human Servs. v. Heath,312 Ark. 206, 848 S.W.2d 927 (1993), citing Whalen v. Roe, 429 U.S. 589
(1977). In Shannon v. State, supra, the court stated:
 While we have no statute authorizing or directing sheriffs and other peace officers to fingerprint persons in their custody suspected or accused of crimes, we think they have the power to do so, under the general police power, to establish identification of such persons, and that to do so is not an invasion of any constitutional or natural right of such persons.
Shannon, supra, at 660 (emphasis added). The Shannon court also discussedUnited States v. Kelly, 55 Fed.2d 67 (2d Cir. 1932), in which the Second Circuit found that fingerprinting did not violate the defendant's constitutional rights. Our court said the following about United Statesv. Kelly:
 After showing that Kelly's liberty and natural rights had not been violated and that no constitutional guaranty had been invaded by compelling him to be fingerprinted, Judge AUGUSTUS H. HAND, speaking for the Court of Appeals for the Second Circuit, in part said: "Fingerprinting seems to be no more than an extension of methods of identification long used in dealing with persons under arrest for real or supposed violations of the criminal laws. It is known to be a very certain means devised by modern science to reach the desired end, and has become especially important in a time when increased population and vast aggregations of people in urban centers have rendered the notoriety of the individual in the community no longer a ready means of identification."
Shannon, supra, at 661, quoting United States v. Kelly, 55 Fed.2d at 68.
Given the fact that the court has taken an expansive position concerning the permissibility of fingerprinting, as reflected above, I surmise that the court would not find that fingerprinting for misdemeanors constitutes an invasion of privacy under the Arkansas Constitution. For this reason, it is my opinion that the fingerprinting of persons who are arrested for misdemeanors does not constitute an invasion of privacy under existing laws or the Arkansas Constitution.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh